IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| GRAND UNION SUPERMARKETS, et al. | : : : : : : : | CIVIL ACTION No. 01-44 |
| v. | | |
| H.E. LOCKHART MANAGEMENT, INC., et al. | | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                                    **January 10, 2013**

      Defendant Lockhart Realty, Inc., formerly known as H.E. Lockhart Management, Inc., (Lockhart), as the prevailing party in this case, asks this Court to award it costs and attorneys' fees pursuant to V.I. Code Ann. tit. 5, § 541(b) and Federal Rule of Civil Procedure 54(d). Lockhart also asks the Court to tax these costs and fees against both Plaintiffs Grand Union Supermarkets (Grand Union) and Red Apple Group, Inc. (Red Apple) even though Red Apple voluntarily dismissed its claims before the start of trial. Grand Union and Red Apple oppose the motion. For the following reasons, Lockhart will be awarded $339,039.14 in attorneys' fees for which only Grand Union is liable. Lockhart's request for costs is denied without prejudice to reassertion in compliance with Local Rule of Civil Procedure 54.1.

**FACTS**

      Grand Union and its parent company, Red Apple, sued Lockhart for fraud, unjust enrichment, and breach of duty of good faith and fair dealing. The fraud and breach of duty claims were dismissed for failure to state a claim. On the first day of trial, before opening statements were made, this Court granted Red Apple's motion to voluntarily dismiss its claims with prejudice, which Lockhart did not oppose. A jury awarded Grand Union $2.7 million in

damages on its unjust enrichment claim, and judgment was entered upon the verdict. The Third Circuit Court of Appeals reversed the judgment, holding the unjust enrichment claim was barred by the doctrine of issue preclusion, and remanded the case. *Grand Union Supermarkets of the V.I., Inc. v. Lockhart Realty Inc.*, 11-4645, 2012 WL 3328836 (3d Cir. Aug. 15, 2012).

Thereafter, Lockhart filed the instant motion seeking $380,650 in attorneys' fees and $4,682.50 in costs. Lockhart later reduced its fee request to $352,856 to reflect the elimination of fees incurred in litigating its appeal. Lockhart has not filed a bill of costs with the Clerk of the District Court.

**DISCUSSION**

Virgin Islands law authorizes courts to award to any prevailing party in a civil action costs and fees the party incurred in prosecuting or defending the action. *See* V.I. Code Ann. tit. 5, § 541(b) (stating "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto"). "The decision to award costs or attorney's fees is entirely discretionary." *Anthony v. Abbot*, 304 F. App'x 66, 68 n.4 (3d Cir. 2008) (citing *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969)).

Addressing first the issue of attorneys' fees, there is no dispute Lockhart is the prevailing party. Grand Union nevertheless asks this Court to exercise its discretion not to award attorneys' fees on the grounds that this case involved a genuine controversy and that the Court of Appeals declined to award Lockhart any costs or fees for its successful appeal. These arguments are unpersuasive. Just as this Court found Grand Union was entitled to attorneys' fees prior to the appeal despite Lockhart's having raised a genuine controversy that required resolution through a

jury trial, the Court now finds Lockhart, as the prevailing party, is entitled to fees. The Appeals Court's decision not to award fees is not dispositive.

Once a court determines that attorneys' fees shall be awarded, it must then determine what constitutes a reasonable attorneys' fee for a given matter. The presumptively reasonable "lodestar" rate consists of the hours worked multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983); *Jo-Ann Launder Ctr., Inc. v. Chase Manhattan Bank, N.A.*, No. 1989-106, 1995 WL 78299, at *4-5 (D.V.I. Feb. 9, 1995). After conducting this calculation, a court may then adjust the amount to "take into account any other relevant factors that are not already adequately represented in the lodestar calculation." *Equivest St. Thomas, Inc. v. Gov't of the V.I.*, No. 2001-155, 2004 WL 3037953, at *2 (D.V.I. Dec. 31, 2004). A court may also reduce a fee award if a bill includes an excessive amount of time to perform a task or contains duplicative entries. *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 422 (3d Cir. 1993).

Grand Union does not object to the rates charged by Lockhart's attorneys, but contends the total hours billed is excessive and unreasonable. Grand Union asks this Court to reduce the fee amount requested across the board due to the straightforward nature of this case and Lockhart's lack of success on multiple motions. This case was neither particularly complex nor particularly simple; nevertheless, it lasted for over a decade, due to the conduct of both parties. Indeed, Grand Union's attorneys billed roughly the same number of hours as the attorneys for Lockhart. Moreover, of the handful of unsuccessful motions filed by Lockhart, several of them were effectively found to have been meritorious by the Court of Appeals. The remaining such

motions were not frivolous and thus did not generate undue fees.[1] An across-the-board reduction for generally excessive billing or motions practice is therefore unwarranted.

Grand Union also contests several billing entries as not recoverable. Grand Union argues Lockhart is attempting to recover $17,431 in fees for internal conferencing resulting in duplicative work. In a lengthy and complex case like this one, a certain amount of conferencing between attorneys is necessary. *See Equivest St. Thomas, Inc.*, 2004 WL 3037953, at *3 (allowing fees for internal conferencing where case was complex and conferences not unnecessary). This Court finds counsel's internal conferencing was, for the most part, reasonable given the nature of the case. There is, however, a small percentage of duplication and unnecessary communication. In total, these entries amount to approximately six percent of the total conferencing hours contested by Grand Union. Accordingly, this Court will reduce Lockhart's fees by six percent of $17,431, or $1,045.86.

Grand Union also objects to certain entries for work billed at attorneys' rates that could have been performed by a paralegal, and for work billed at paralegal rates that could have been performed by a legal assistant. Upon review of these entries, most are related to litigation strategy, procedural rules, and other areas well within the realm of attorney and paralegal billing. One entry, however, by attorney Holcombe for locating transcripts could have been performed by a legal assistant and are disallowed. A number of other paralegal entries are for purely

---

[1] Grand Union also seems to argue Lockhart should not be awarded fees for work on any unsuccessful motions. This is a misinterpretation of the relevant case law, which permits reduction of fees when a party succeeded on some claims or defenses but not others. *See, e.g.*, *Galt Capital, LLP v. Seykota*, No. 2002-63, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (noting "where the prevailing party achieved only limited success, the court should award only that amount of fees that is reasonable in relation to the results obtained" (quotation omitted)). In this case, Lockhart achieved total success through a judgment in its favor on all claims.

clerical tasks and are also disallowed. Accordingly, Lockhart's fees will be reduced by $1,116, the total amount of these disallowed entries.

Lastly, Grand Union objects to impermissibly "bundled" billing entries. When billing entries include two or more different kinds of legal work, thus hindering the Court's ability to determine whether the time spent on each of the listed activities was reasonable, the billings may be reduced. *Morcher v. Nash*, 32 F. Supp. 2d 239, 242-43 (D.V.I. 1998). Several of counsel's billing entries, which account for $23,310 in fees, contain long lists of unrelated tasks, making them impossible to review for reasonableness. These fees will be therefore reduced by half ($11,655). *See id.* (reducing bundled entries by half). Applying all of the foregoing reductions to the total amount of fees requested by Lockhart, the total fee award for which Grand Union is liable is $339,039.14.

Lockhart argues that despite Red Apple's having voluntarily dismissed its claims with prejudice prior to trial, Grand Union and Red Apple should be held jointly and severally liable for the attorneys' fees award because (1) Lockhart is a prevailing party against Red Apple; (2) circumstances justify piercing Grand Union's corporate veil to hold Red Apple, its parent, liable for the fees; and (3) Red Apple is liable for the fees pursuant to a release agreement resolving a prior lawsuit. "As a general rule, 'a defendant may not recover fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances.'" *See Cornell v. Pirates' Pension Bd. of Dirs.*, No. 2006-100, 2008 WL 4748169, at *2 (D.V.I. Oct. 27, 2008) (quoting *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997)); *see also EEOC v. Hesco Parts Corp.*, 57 F. App'x 518, 523 (3d Cir. 2003) (holding the defendant, as the prevailing party, could not obtain attorneys' fees from a plaintiff that had dismissed its claims with prejudice prior to trial); *Nolen v. Henderson Nat'l Corp.*, No. 91-6299, 1993 WL 26817, at *4, 986 F.2d 1428 (10th Cir. Feb. 5,

1993) ("Though a defendant may recover fees and costs with respect to a dismissal *without* prejudice, it cannot recover them where the dismissal is *with* prejudice barring exceptional circumstances."); *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985) ("[W]hen a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2), attorneys' fees have almost never been awarded."); *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985) ("Fees are not awarded when a plaintiff obtains a [voluntary] dismissal *with prejudice* because the defendant cannot be made to defend again." (internal quotation omitted)).  There are no exceptional circumstances here that warrant holding Red Apple liable for Lockhart's fees. Lockhart neither opposed Red Apple's voluntary dismissal nor requested that attorneys' fees be made a condition to the dismissal.  Moreover, throughout its life in this case, Red Apple stood merely as the parent company joining in claims that were essentially its subsidiary's.  Red Apple never had separate counsel from Grand Union, did not assert separate claims, never filed its own motions, and created no litigation expenses for Lockhart that Lockhart would not have expended in defending Grand Union's claims.  This Court, therefore, exercises its discretion not to tax fees against Red Apple, finding no reason to depart from the general rule against holding a party who voluntarily dismisses its claims with prejudice liable for attorneys' fees.

Lockhart argues as an alternative ground for holding Red Apple liable for its attorneys' fees, or perhaps as an "exceptional circumstance," that Grand Union is merely an instrumentality, or alter ego, of Red Apple justifying piercing Grand Union's corporate veil. This argument is also unpersuasive.  Mere ownership of a subsidiary does not justify the imposition of liability on the parent corporation. *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001).  Piercing the corporate veil is appropriate only where there is abuse of the corporate form, a fact notoriously difficult to show.  *Id*.; *see also Sears, Roebuck & Co. v.*

6

*Sears plc*, 744 F. Supp. 1297, 1304 (D. Del. 1990) ("In order to reach a parent corporation under the alter-ego theory, the plaintiff must show fraud, injustice, or inequity in the use of the corporate form."). Lockhart has shown no evidence of fraud or fraudulent intent by Red Apple, or of any abuse of the corporate form by Grand Union. The mere facts that Grand Union and Red Apple share the same management and that Grand Union is now insolvent do not justify an alter ego finding. *See United States v. Bestfoods*, 524 U.S. 51, 69 (1998) (stating a subsidiary's liability will not attach to a parent company solely because they share directors); *Trs. of the Nat'l Elevator Pension v. Lutyk*, 332 F.3d 188, 197 (3d Cir. 2003) (noting insolvency is not a per se reason to pierce the corporate veil). This Court has considered Lockhart's remaining arguments in favor of veil piercing, along with the other relevant factors in the alter ego analysis,[2] and finds holding Red Apple liable for the fee award against Grand Union is inappropriate.

Finally, Lockhart argues a release agreement between Red Apple, Grand Union, and Lockhart resolving prior litigation provides an independent basis to require Red Apple to pay attorneys' fees to Lockhart. That agreement provides, in relevant part:

> Each of the parties hereto agrees to pay his, her or its own costs and attorneys' fees arising out [of] the above actions and the execution and performance of this Agreement, except that if any action at law or in equity is brought by either party to enforce or interpret the provisions of this Agreement or arising out of a breach of this Agreement, the prevailing party in such action shall be entitled to recover from the other party his, her or its costs and expenses incurred in such action, including the attorneys' fees actually incurred.

---

[2] These factors include the following: (1) whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; (2) whether the corporation was adequately capitalized for the corporate undertaking; (3) whether the corporation was solvent; (4) whether the dominant shareholder siphoned corporate funds; and (5) whether, in general, the corporation simply functioned as a façade for the dominant shareholder. *Pearson*, 247 F.3d at 484-85; *Mason v. Network of Wilmington, Inc.*, No. 19434-NC, 2005 WL 1653954, at *3 (Del. Ch. July 1, 2005) (citing to the federal veil piercing factors in describing the factors under Delaware law).

Release Agreement ¶ 6. Notwithstanding the fact that Red Apple's voluntary dismissal may not have rendered Lockhart a "prevailing party" under the terms of this release agreement, the fees clause is not applicable because the instant case was not brought "to enforce or interpret" the agreement, nor did it "arise[] out of a breach" of the agreement. *Id.* Accordingly, Red Apple will not be held liable for the award of attorneys' fees.

Turning to Lockhart's request for costs, this Court will deny the request without prejudice to seek costs in compliance with Local Rule of Civil Procedure 54.1(a), which requires a prevailing party to first file a bill of costs with the Clerk of Court within 30 days after the entry of final judgment. Lockhart has not yet filed a bill of costs with the Clerk; however, the time to do so has not yet expired as judgment on remand was just recently entered. Accordingly, Lockhart's request is denied, but it is not precluded from timely filing its bill of costs.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez